# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-1647V

|  |  |
|---|---|
| TRUDEE MENDONCA,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br><br>Filed: April 20, 2026 |

*Heather M. Bonnet-Hebert, Feingold Bonnet-Hebert, New Bedford, MA, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 7, 2022, Trudee Mendonca filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, or in the alternative a caused-in-fact injury, after receiving an influenza ("flu") vaccine on November 7, 2019. Petition at 1, ¶¶ 2, 17-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 6, 2026, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a Table SIRVA. On April 20, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $30,000.00 (for pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRUDEE MENDONCA, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 22-1647V (SPU) |
| v. | ) Chief Special Master Corcoran |
| | ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## PROFFER ON AWARD OF COMPENSATION[1]

On November 7, 2022, Trudee Mendonca ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), as amended, alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following an influenza ("flu") vaccine she received on November 7, 2019. Petition at 1 (ECF No. 1). On March 27, 2024, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report setting forth his position that this case is not appropriate for compensation. ECF No. 22. On January 6, 2026, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation.[2] ECF No. 23.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's January 6, 2026 Ruling on Entitlement.

## I.  Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded $30,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$30,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Trudee Mendonca.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov

DATED: April 20, 2026

**CERTIFICATE OF SERVICE**

I certify that today, April 20, 2026, a copy of the foregoing pleading will be served by electronic mail to Heather M. Bonnet-Hébert at heather@rbflaw.net

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov